**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT JOSEPH PIMENTEL, | ) | |
| | ) | Case No. 2:25-cv-00319 |
| *Plaintiff*, | ) | |
| | ) | District Judge Mark R. Hornak |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| WARDEN MICHAEL | ) | |
| MAHLMEISTER, et al., | ) | |
| | ) | |
| *Defendants*. | | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the following reasons, it is respectfully recommended that this case be dismissed with prejudice for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this Court's order to show cause, which expressly advised him that this case would be dismissed should he fail to file an amended complaint by April 22, 2026, or should he otherwise fail to show cause why he could not do so by that day.

**II.     REPORT**

  **A.  Procedural History**

This is a *pro se* civil rights action that was initiated by Plaintiff on or about March 4, 2025. ECF No. 1.  Plaintiff was granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee that he was directed to pay by April 17, 2025.  ECF No. 3.  When Plaintiff failed to comply with the Court's order, the Court entered an Order to Show Cause warning Plaintiff that this case could be dismissed without further warning if he failed to pay the initial partial filing fee, request an extension of time to pay it, or otherwise show cause why this case should not be dismissed for his failure to prosecute by May 20, 2025.  ECF No. 5.  Plaintiff responded to the

Court's order and eventually paid the initial partial filing fee on August 11, 2025. ECF Nos. 6, 10. Thereafter, Plaintiff was directed to file an amended complaint, which was due by October 3, 2025. ECF No. 12. Plaintiff moved for and was granted an extension of time to file it. ECF No. 14. He was then granted two additional extensions of time, and the Court set a deadline of December 31, 2025. ECF Nos. 18, 20. When his amended complaint was not received by the deadline, the Court entered an Order to Show Cause, and Plaintiff was warned that this case would be dismissed should he fail to file his amended complaint by April 22, 2026, or should he fail to show cause why he could not do so by that day. ECF No. 21. As of today, the Court has not received Plaintiff's amended complaint, nor has the Court received any form of communication from Plaintiff since December 1, 2025.

### B. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).").

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the district court

'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id*. (quoting *Briscoe*, 538 F.3d at 258).

By the Court's Order to Show Cause, Plaintiff was provided with one final opportunity to comply with the Court's order to file an amended complaint by April 22, 2026, but he did not respond. Plaintiff has therefore been provided with sufficient opportunity.

### 1. The *Poulis* Factors

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe*, 538 F.3d at 263. However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

### 2. Application of the *Poulis* Factors

3

### a. **The extent of the party's personal responsibility.**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *Id.* Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id.* at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiff is proceeding *pro se*, so the responsibility for failing to comply with orders, including his obligation to file a legally sufficient complaint that can be served on the Defendants is his alone. Thus, this factor weighs in favor of dismissal.

### b. **Prejudice to the adversary.**

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id.* (citation omitted).

Defendants have not yet been served and therefore have not had to expend any resources to defend this case. However, depending upon when Plaintiff chooses to comply with the Court's

order to file an amended complaint, Defendants could suffer prejudice if the case were put on hold indefinitely.  Thus, this factor is neutral.

### c.  A history of dilatoriness.

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874.  While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay.  *Hildebrand*, 923 F.3d at 135 (citation omitted).  In addition to repeated acts, "extensive" delay can also create a history of dilatoriness.  *Adams*, 29 F.3d at 874.  A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing …. "  *Id*. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'"  *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875).  Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated.  *Id*.

While this case is still in its infancy, Plaintiff previously failed to timely comply with a court order, which ultimately necessitated an order to show cause, and now he has again failed to comply with another court order, which has necessitated another order to show cause.  In light of Plaintiff's delay, and the fact that this case is over a year old without any meaningful movement, this factor weighs in favor of dismissal.

### d.  Whether the party's conduct was willful or in bad faith.

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding

numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id*. (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id*. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

There is no indication on this record that Plaintiff's failure to comply with the Court's orders was the result of any excusable neglect. Therefore, this factor weighs marginally in favor of dismissal.

### e.  <u>Effectiveness of sanctions other than dismissal.</u>

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*. (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id*. In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id*.

Plaintiff is proceeding *in forma pauperis* so it is unlikely that any sanction imposing costs or fees upon him would be effective.  Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

### f. <u>Meritoriousness of claim or defense.</u>

The final factor requires the Court to consider the meritoriousness of Plaintiff's claims. Plaintiff's claims are difficult to decipher, but the undersigned would note that even if Plaintiff were to state a plausible claim for relief as to any of them, dismissal is nevertheless warranted because the majority of factors weigh in favor of dismissal and because it appears that Plaintiff has willfully abandoned this case.

## III.    <u>CONCLUSION</u>

For the aforementioned reasons, it is respectfully recommended that this case be dismissed with prejudice for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this Court's order to show cause, which expressly advised him that this case would be dismissed should he fail to file an amended complaint by April 22, 2026, or should he otherwise fail to show cause why he could not do so by that day.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  May 21, 2026

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc:    Robert Joseph Pimentel

7

2037816
Lawrence County Jail
111 S. Milton Street
New Castle, PA  16101